Dante MARRAZZO, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 99–3079.

United States Court of Appeals, Federal Circuit.

May 12, 1999.

Dante Marrazzo, of Westlake, Ohio, pro se.

Franklin E. White, Jr., Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for respondent. With him on the brief were David M. Cohen, Director, and Mark A. Melnick, Assistant Director.

Before PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

The Merit Systems Protection Board (Board) affirmed a decision of the Office of Personnel Management (OPM) denying the petitioner Dante Marrazzo the interest earned on his voluntary contributions to the Civil Service Retirement and Disability Fund. (Decision No. CH–0831–98–0534–I–1, (June 30, 1998)). We vacate and remand.

## I

A. Federal employees may increase their civil service retirement benefits through voluntary contributions to the Civil Service Retirement and Disability Fund "[u]nder regulations prescribed by the Office of Personnel Management." 5 U.S.C. § 8343(a) (1994). Those contributions are kept in an individual "voluntary contribution account," which "is the sum of unrefunded contributions, plus interest," *id.*, and which can be "used to purchase at retirement an annuity in addition to the annuity otherwise provided," *id.* § 8343(b). If, however, the employee decides not to receive an additional annuity, "[a] present or former employee ... is entitled to be paid the voluntary contribution account if he files application for payment with the Office before receiving an additional annuity." *Id.* § 8343(d).

OPM's implementing regulations provide that "[v]oluntary contributions may be made only by ... [e]mployees ... currently subject to [the] [Civil Service Retirement System]." 5 C.F.R. § 831.403(a) (1997). *See* 5 U.S.C. § 8331(1) (defining employee for purposes of 5 U.S.C. § 8343). But "[v]oluntary contributions may not be accepted from an employee ... who ... [h]as not deposited amounts covering all creditable civilian service performed by him or her." 5 C.F.R. § 831.403(b).

An "eligible individual"—"a person eligible to make contributions under § 831.403"—makes such contributions by filing an application with OPM, which es-

tablishes a voluntary contribution account for the employee who may not contribute funds until notified that the account has been established. *See* 5 C.F.R. § 831.404. Like the statute, the regulations provide that "a person who has made voluntary contributions may withdraw the balance while still an employee ... or after separation." 5 C.F.R. § 831.406(a). The "balance," like the voluntary contribution account in the statute, is defined as "the amount of voluntary contributions deposited and not previously withdrawn, plus earned interest on those voluntary contributions." 5 C.F.R. § 831.402.

B. In January 1990, Marrazzo, the Internal Revenue Service's Chief of Criminal Investigation Division, filed an application with OPM to make such voluntary contributions. In a January 18, 1990 response, OPM informed Marrazzo that it had approved his application and established an account for him. OPM then discovered that Marrazzo had not made the required deposits covering four months of creditable service with the Postal Service in 1966. On January 24, it notified Marrazzo that he was not to make any voluntary contributions, but that if he deposited the unpaid amount he could reapply.

Despite this notice, Marrazzo made contributions for a substantial period of time. OPM accepted them without comment and sent Marrazzo annual statements showing his total deposits and accrued interest.

In March 1997, Marrazzo filed an application for a refund of his voluntary contributions and interest. OPM informed Marrazzo that it should not have accepted his contributions and therefore would not pay him the interest they earned; and OPM did agree to refund the contributions themselves. OPM reaffirmed its decision on reconsideration, relying on 5 C.F.R. § 831.403(b).

In his appeal to the Board, Marrazzo argued that OPM misled him by accepting his contributions and sending him statements of accrued interest and therefore should be estopped from changing its posi-

tion by enforcing the regulations; he also alleged that the same facts gave rise to an implied-in-fact contract with OPM to pay the interest. The Board rejected his contentions and affirmed OPM's decision. Insofar as here pertinent, the administrative judge's initial decision, which became final when the Board denied review, stated:

> The controlling statute, however, authorized OPM to promulgate regulations concerning the circumstances under which a federal employee may make voluntary contributions to the CSRS. 5 U.S.C. § 8343(a) (West 1996). OPM's regulations state it will not accept voluntary contributions from an employee who has not deposited amounts covering all of his creditable civilian service. See 5 C.F.R. § 831.403 (1998). Here, the appellant does not dispute that he did not make a deposit to OPM covering all of his creditable civilian service. Therefore, I find the statute does not authorize the payment of interest to the appellant.

## II

The ground of the Board's decision affirming OPM's decision (the same ground OPM gave) was that Marrazzo's failure to make a deposit covering all of his creditable service precluded him from receiving the interest that had been credited to his voluntary contribution account over a seven-year period. The Board either overlooked or ignored the provisions of the statute and regulations set forth above governing the withdrawal of voluntary contributions. The statute defines the "voluntary contribution account," which is "to be paid to him" on request, as "the sum of unrefunded contributions, plus interest." The regulations permit a contributing employee to "withdraw the balance" in his account and defines "balance" as "the amount of voluntary contributions deposited and not previously withdrawn, plus earned interest on those voluntary contributions." 5 C.F.R. § 831.402.

On their faces, the statute and regulation entitled Marrazzo to withdraw not only the voluntary contributions he "made" but also the "earned interest" on them. Since the statute and regulation treat the earned interest as an integral part of the balance in Marrazzo's contribution account, it is difficult to understand why, if his failure to deposit the amounts for his prior creditable service bars payment of the accrued interest, such failure also did not bar refund of his voluntary contributions. In other words, the refund of his voluntary contributions necessarily also would seem to include the interest accrued on those contributions.

Perhaps the Board's unarticulated theory was that OPM's obligation to pay the accrued interest only arose if the employee's contributions were in accord with the regulatory requirements. If that was the case, the Board should have explicitly said so and also should have explained how the statute or regulation justifies this different treatment of the contributions themselves and the interest they earned.

In short, we cannot approve the Board's decision on the basis of its opinion. Accordingly, we shall vacate that decision, and remand the case to the Board for reconsideration in light of this opinion. If it deems it appropriate, the Board may in turn remand the case to OPM for its reconsideration.

## CONCLUSION

The decision of the Board is vacated, and the case is remanded to the Board for reconsideration in light of this opinion.

*VACATED AND REMANDED.*